```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
WILLIAM VINEYARD,

                Plaintiff,

     -against-                          MEMORANDUM AND ORDER
                                        11-CV-2480(JS)(ARL)

ACTING SHERIFF MICHAEL SPOSATO,
COUNTY ATTORNEY JOHN CIARNPOLI,

                Defendants.
------------------------------------X
APPEARANCES:
For Plaintiff:     William Vineyard
                   10011052
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No appearances
```

SEYBERT, District Judge:

Presently pending before the Court is the Complaint of pro se plaintiff William Vineyard ("Plaintiff") brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

Having reviewed the pro se Complaint, the undersigned declines to conclude at this stage that the within action is frivolous or malicious within the meaning of 28 U.S.C. § 1915.

While it may be that Plaintiff is unable to prevail on his claims, the Court's uncertainty does not justify dismissal at this early juncture. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004). Accordingly, the application to proceed in forma pauperis is GRANTED and the Court orders service of the Complaint.

The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's authorization in his in forma pauperis application. The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon the Defendants without prepayment of fees. Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: June __7__, 2011
Central Islip New York